Dear Deputy Dahmer:
Your request for an Attorney General's Opinion has been directed to me for research and response. As I understand your question it is as follows:
"Can a person who has been appointed to fill the unexpired term of a Constable, run for that office at the next election held to fill that vacancy?"
Our office has previously dealt with the subject matter of your question in Opinions 81-408 and 88-385 (copies attached). I would specifically refer you to the last paragraph of Opinion 81-408 which reads a follows:
"We find no provision of law which would serve to prohibit the person appointed to fill the vacancy in the office of Constable from becoming a candidate in the special election held to fill the vacancy."
I am aware of only one exception to the statement just quoted. That exception is in a situation where a vacancy in the office of Constable arises due to the incumbent Constable having been convicted of a felony, resulting in his removal or suspension from office. In such a case, anyone being appointed to temporarily fill the vacancy, under the provisions of LSA-R.S.42:1411, is prohibited by Subpart D of that statute, from seeking the office of Constable at the next regular or special election held to fill the vacancy.
Accordingly, if a person has been appointed to fill the unexpired term of a Constable as a result of the voluntary resignation or death of the previous Constable, and assuming that the person so appointed is otherwise qualified, we are aware of no prohibition against that person seeking the office at the next election held to fill the vacancy. However, if a person is appointed, pursuant to LSA-R.S. 42:1411, to fill a vacancy resulting from the felony conviction of the previous constable, the person so appointed would be statutorily prohibited from seeking the office at the next election held to fill the vacancy.
I trust that the foregoing adequately answers the question you have asked. However, if additional information is needed, please do not hesitate to contact our office.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
JAS:pb 2299s